FILED
2009 Aug-04 PM 03:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS WHATLEY, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NUMBER:<br>) CV-09-<br>) JURY DEMAND |
| SLOSS INDUSTRIES,<br>Defendant. | ) |

# **COMPLAINT**

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202 and the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 §2000e et seq., 42 U.S.C. §1981 and the Age Discrimination in Employment Act," 29 U.S.C. §621 et seq providing for injunctive and other relief against race and age discrimination and

retaliation in employment.

2. The plaintiff filed his race and age discrimination and retaliation suit within 180 days of the discriminatory treatment and ninety (90) days from the receipt of his right-to-sue letter from the EEOC.

## II. PARTIES

3. Plaintiff, Douglas B. Whatley, is an African-American citizen of the United States and a resident of the State of Alabama. The plaintiff was employed by the defendant at its Jefferson County, Alabama location.

4. Defendant, Sloss Industries, does business in Alabama, and is an entity subject to suit under 42 U.S.C. §2000e et seq. and the 29 U.S.C. §621 et seq and 42 U.S.C. §1981. The defendant employs at least fifteen (15) persons.

## III. FACTUAL ALLEGATIONS

5. The plaintiff re-alleges and incorporates by reference paragraphs 1-4 with the same force and effect as if fully set out in specific detail hereinbelow.

6. The plaintiff has been discriminated against because of his race and age in terms of promotions. The plaintiff was also constructively discharged in retaliation for his engagement in protected activity

7. The plaintiff began his employment with the defendant on April 28, 2008,

as a Lid Man. Plaintiff was first interviewed on April 14, 2008, for an electrician position. Plaintiff had 20 years of electrical experience at the time of his interview.

8. Upon being hired, Plaintiff was told by members of management that he would receive the next available electrician job when a position came open.

9. During his employment with the defendant, Plaintiff was never promoted to an electrician position. Instead, at least 3 white, younger employees were hired from outside the company for these positions and were trained by the company to be electricians.

10. After filing a charge of discrimination with the EEOC on August 13, 2008, Plaintiff was laid off with along with 11 other employees on March 20, 2009. The reason given for the layoff was lack of work.

11. Less senior individuals were recalled prior to the plaintiff and Plaintiff was notified on April 8, 2009, that he would have to return to work on Easter Sunday, April 12, 2009. The defendant knew that Plaintiff was a minister and was unable to work on Sunday morning, but gave him no alternative except to resign or work on Easter Sunday morning. Because of these action, Plaintiff was forced to resign his employment.

12. The defendant's proffered reasons for the failure to promote and actions leading to the constructive discharge were pretext for race and age and retaliatory discrimination.

13. The plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory and punitive damages, and an injunctive and declaratory judgment is his only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV. CAUSES OF ACTION

### A. COUNT ONE - FAILURE TO PROMOTE

14. Plaintiff adopts and re-alleges paragraphs 1-13 above as though fully set forth herein.

15. Plaintiff is qualified for and has applied for the position of electrician with the defendant on numerous occasions. Defendant failed to promote Plaintiff to the electrician position because of his race and age, and has hired at least 3 younger, white employees from outside the company to fill these positions.

16. The plaintiff seeks to redress the wrongs alleged herein and this suit for

back-pay plus interest, compensatory and punitive damages, and an injunctive and declaratory judgment is his only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**B.   COUNT TWO - CONSTRUCTIVE DISCHARGE**

17. Plaintiff adopts and re-alleges paragraphs 1-16 above as though fully set forth herein.

18. Plaintiff engaged in protected activity by filing an EEOC charge alleging race and age discrimination. Subsequent to filing this charge, Plaintiff was laid off, then only recalled after less senior employees. Plaintiff was forced to start work on Easter Sunday even though he was a minister.

19. As a result of these actions, as set out above, Plaintiff was constructively discharged in retaliation for the filing of his EEOC charge of discrimination.

20. The plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory and punitive damages, and an injunctive and declaratory judgment is his only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer

irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V. **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981.

2. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981.

3. Enter an order requiring the defendant to make the plaintiff whole by awarding him the position he would have had occupied in the absence of race and age discrimination and retaliation, back-pay (plus interest), front-pay, punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4. The plaintiff further prays for such other relief and benefits as the cause

of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

/s/Kevin W. Jent
Gregory O. Wiggins
Kevin W. Jent
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

/s/ Kevin W. Jent
Gregory O. Wiggins
Kevin W. Jent

DEFENDANT'S ADDRESS:

Sloss Industries
3500 35th Avenue North
Birmingham, AL 35207